226 So.2d 175 (1969)
Ella Stark GRIFFITTS, Plaintiff-Appellee,
v.
TIGER WELL SERVICE, INC. and Insurance Company of North America, Defendants-Appellants.
No. 2796.
Court of Appeal of Louisiana, Third Circuit.
August 7, 1969.
Dissenting Opinion August 14, 1969.
Rehearing Denied August 26, 1969.
Writ Refused November 12, 1969.
Scofield, Cox & Bergstedt, by Thomas M. Bergstedt, Lake Charles, for defendants-appellants.
*176 Knight & Knight, by Herschel N. Knight, Jennings, for third-party defendants-appellees.
Bass & Lawes, by James Collins, Lake Charles, Grenese R. Jackson, Jennings, for plaintiff-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
FRUGE, Judge.
This is a workmen's compensation case involving death benefits. On May 16, 1966, Clyde Lewis Griffitts was fatally injured while in the course and scope of his employment with Tiger Well Service, Inc., which corporation carried workmen's compensation insurance with Insurance Company of North America.
The record establishes the following undisputed facts: The decedent had been married and divorced three times. Of his first marriage to Glynn Keck Griffitts, now Mrs. Rains, one child, Aubrey Dean Griffitts, was born. This marriage ended in divorce on October 15, 1957. In 1958, Clyde Griffitts was married and divorced a second time. Of this marriage there were no offspring, and the second wife is not a party to this suit. Decedent was married a third time to Georgia Mary Griffitts, and of this marriage two children were born, Donna Marie Griffitts and Shirley Jean Griffitts. This marriage also ended in divorce in 1962.
Decedent's mother, Mrs. Ella Stark Griffitts, filed suit against defendants seeking workmen's compensation death benefits. Through the use of the third party action, defendants brought in the three minors, curators ad hoc being appointed to represent them.
It was stipulated in the trial of the matter that plaintiff was injured while in the course and scope of a hazardous employment, that there was coverage and that decedent's earnings were such that benefits in the amount of $35.00 per week were possible.
After trial on the merits, the district court refused all claims with the exception of that of the minor, Aubrey Dean Griffitts. The court based its ruling on the fact that although there might have been proof of need of support, there were not in fact any contributions from decedent to the other parties so as to qualify any of them, with the exception of Aubrey Dean, as "dependents" under the statute.
The record reveals that decedent was somewhat of a traveler. He never worked at one job for very long, but traveled from oil field to oil field working a while and then moving on. It was testified to that he drank a lot, and it is clear from the record that he was negligent in the support of his relations.
The issue before us concerns the interpretation of the Workmen's Compensation Act, in particular, LSA-R.S. 23:1251, 1252, 1253, and 1254. Since none of the parties are conclusively presumed to be dependent upon the earnings of decedent, that is they were not living with the deceased employee before the injury, to be successful they must not only prove that they are legal dependents of the deceased, but also that the deceased employee was actually contributing to their support at the time of the accident and death. Haynes v. Loffland Bros. Company, 215 La. 280, 40 So.2d 243 (1949), and citations therein. In addition, claimants must prove that at the time of death, the deceased employee was in fact actually contributing from his earnings to their support. The mere existence of a need of support, or a moral or legal obligation to support, is not sufficient to show dependency. LSA-R.S. 23:1231, 1254; Venable v. Liberty Mutual Insurance Company, 142 So.2d 639 (La.App. 3d Cir., 1962).

THE MINORSDONNA MARIE GRIFFITTS AND SHIRLEY JEAN GRIFFITTS
The trial court denied to these parties the status of dependency on the *177 grounds that there had been no actual contributions whatsoever made to their support. Although there was entered into evidence a copy of the divorce decree commanding that the decedent pay the sum of $40.00 a month for the support of each child, the record is clear that the decedent has paid nothing whatsoever to the support of the children. As was noted in the Haynes case, supra, although it is shown that the support is badly needed by a minor, if in fact no support payments were being made, the child cannot be considered dependent on the deceased for support, and therefore entitled to benefits upon his death. Our sympathy is with defendants, but this is the law and we must follow it.
ELLA STARK GRIFFITTS
Mrs. Griffitts, the mother of decedent, introduced testimony to the effect that for the last few years her son had on occasion stayed with her, and had very often given her sums of money.
The district court, although holding that Mrs. Griffitts demonstrated a need of support, held that she was not in fact receiving support from her son sufficient to qualify her as a dependent under the statute.
After reading of the record we agree with the trial court's determinations. Mrs. Griffitts could not say where her son had been working for the last number of years, nor could she show any evidence of having received the contributions she alleged she received. For that reason we affirm the trial court's determination that Mrs. Griffitts did not sustain the burden of proving her dependency.
AUBREY DEAN GRIFFITTS
This minor was the child of the decedent and his first wife. In the decree granting the divorce between them, the court granted a support judgment in the amount of $25.00 per month in the minor's favor. As well it decreed that the minor was to have the use and benefit of a house owned by decedent as part of his separate property. The child was to have the house until he reached the age of eighteen. The evidence reveals that the child's mother has been renting the house, receiving $65.00 monthly, and that this money has been used to help support the minor.
Based on the above, the trial court found the minor partially dependent and awarded him benefits in the amount of $10.00 a week for the maximum of 400 weeks. It is from this judgment that the defendants appeal.
The principal contention of the defendants is based on the case of Farley v. Ryan Stevedoring Company, 107 So.2d 825 (La. App.Orl.Cir., 1958) which case defendants allege stands for the proposition that to qualify for death benefits one must be actually dependent upon the employee's "earnings" for support at the time of the accident and death, a collateral source of income, not related to earnings, not constituting dependency under the act.
In its oral reasons for judgment, the trial court cited the Farley case, supra, but held that if in fact this was the proper interpretation to be given to the ruling, it thought the ruling in error, and would not perpetrate the error by following it.
Although the case was overruled on other grounds, by our Supreme Court in a case also entitled Farley v. Ryan Stevedoring Company, 238 La. 1048, 117 So.2d 587 (1960), in the appellate court, supra, our brothers of the Fourth Circuit determined that when the legislature in 1928 used the word "earnings" in LSA-23:1231, returning to the wording of the pre-1918 version of the statute, they meant to declare that contributions would have to be made from "earnings", and further that they meant to legislatively overrule the cases holding contra. See: Gregory v. Standard Oil Company of Louisiana, 151 La. 228, 91 So. 717 (1922), and Heinzelman v. Board of Comr's of Port of New Orleans, 149 La. 215, 88 So. 798 (1921). With this interpretation we simply cannot agree.
*178 On the facts of this case as we interpret them, the child did benefit directly from the receipt of the rental he was receiving from the house which his father was legally forced to allow him to have. We can see little difference between the child's receiving these contributions which would have been income to the decedent, or his receiving the same amount directly from the payroll checks of his father. What if a father chose to invest his earnings and support his family from the interest or dividends? Would the contributions have to be considered "not from earnings"? We hardly think so. In essence, we simply believe that by allowing his child to receive the rent, the decedent was supporting, at least partially, his child.
For these reasons we hold, as did the district court, that the minor, Aubrey Dean Griffitts, has sustained the burden of proving that he was in need of support, that he did in fact receive contributions from the decedent, and that he has fulfilled the qualification of attaining the status of "dependent" under the true meaning of the statute.
The judgment of the district court is hereby affirmed. Costs of the appeal to be paid by the defendant-appellants, Tiger Well Service, Inc., and Insurance Company of North America.
Affirmed.
CULPEPPER, Judge (dissenting).
I respectfully dissent from the majority's construction of LSA-R.S. 23:1231 that the word "earnings" denotes income from collateral sources as well as wages earned in the employment in which the accident occurred. The only case in point from our appellate courts is Farley v. Ryan Stevedoring Company, 107 So.2d 825 (Orl.App. 1958). I agree with the reasoning expressed there.
It is true our Supreme Court reversed the Farley case, 238 La. 1048, 117 So.2d 587 (1960), but it did so on the facts and not the law. A reading of the Supreme Court decision indicates to me that court concluded all contributions to dependents must be from earnings in the employment.

On Application for Rehearing
En Banc. Rehearing denied.
MILLER, J., recused.
CULPEPPER and HOOD, JJ., are of the opinion a rehearing should be granted.