458 So.2d 152 (1984)
Janis DOYLE, et al., Plaintiffs-Appellants,
v.
UNITED GENERAL INSURANCE CO., et al., Defendants-Appellees.
No. 83-917.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
*153 Donald L. Mayeux of Guillory, McGee & Mayeux, Eunice, for plaintiffs-appellants.
Joseph Bradley Ortego of Young & Burson, Eunice, for defendants-appellees.
Before GUIDRY, LABORDE and YELVERTON, JJ.
*154 LABORDE, Judge.
Plaintiffs-appellants are the major children and grandchildren of Steve Doyle, Jr., who died on July 3, 1980, after suffering a stroke. Decedent was employed as a laborer by defendant-appellee Oilfield Construction Company. Defendant-appellee United General Insurance Company is the compensation underwriter for Oilfield Construction Company. The trial court found that the stroke was a compensable accident arising out of and in the course of decedent's employment. Plaintiffs were awarded medical and funeral expenses, but plaintiffs' claims for dependency benefits, penalties, and attorney fees were denied. Plaintiffs appeal. We affirm.

FACTS AND PRIOR PROCEEDINGS
On July 2, 1980, Steve Doyle, Jr. worked on a board road near Bossier City, Louisiana, for his employer, Oilfield Construction Company. Mr. Doyle had been a laborer for Oilfield Construction Company for many years. After completing work, Mr. Doyle and the other members of the work crew returned to the motel at which they were staying.
According to deposition testimony of Steve Doyle, III, one of the plaintiffs in this case and a member of the work crew, his father purchased some fried chicken and Gator Aid on the way to the motel. Upon arriving at the motel, approximately forty-five minutes after leaving the job site, Mr. Doyle was unable to get out of the truck. Co-workers helped him enter his room, but Mr. Doyle remained ill and shortly thereafter was taken by ambulance to a local hospital.
Mr. Doyle remained in the intensive care unit for approximately forty-eight hours before he died. An autopsy established the cause of death as basilar artery thrombosis, commonly known as a stroke. The autopsy also revealed that Mr. Doyle had long suffered from generalized arteriosclerosis, which had progressed to an advanced stage at the time of death.
The defendants refused to pay any benefits upon the claim and demand of decedent's children, and plaintiffs subsequently filed suit. Plaintiffs are the major children[1] and grandchildren[2] of decedent. The trial court found that decedent's stroke and subsequent death was a compensable accident arising out of and in the course of decedent's employment. The court ordered defendants to pay plaintiffs' expenses for decedent's hospitalization, medical care, and burial. Defendants have complied with this order and do not contest its propriety on appeal.
The trial court also found that plaintiffs did not meet their burden of proof under LSA-R.S. 23:1252 that they were legally and actually dependent, in whole or in part, on decedent. The trial court further found that defendants' refusal to pay benefits upon plaintiffs' demand had not been "arbitrary, capricious, or without probable cause" and therefore defendants were not liable for statutory penalties and attorney fees under LSA-R.S. 22:658. Plaintiffs appeal from these latter two findings.

ISSUES
The plaintiffs assign as error two findings by the trial court; plaintiffs contend:
(1) It was error to find that plaintiffs had not met their burden of proof that they were legally and actually dependent upon decedent.
(2) It was error to find that defendants had not arbitrarily, capriciously, or without probable cause denied benefits to plaintiffs when presented with a claim.

DEPENDENCY BENEFITS
Plaintiffs contend that, though no plaintiff was entirely dependent upon decedent, they relied upon his gifts of money, food, and shelter to some degree and therefore *155 should receive partial dependency benefits. No plaintiff is within the class of conclusively presumptive dependents set forth by LSA-R.S. 23:1251 (surviving spouse or incapacitated children with whom decedent resided, minor children, children under twenty-three years of age that are full-time students). If any plaintiff is to recover dependency benefits, he or she must prove dependency under LSA-R.S. 23:1252, which provides:
"In all other cases, the question of legal and actual dependency in whole or in part, shall be determined in accordance with the facts as they may be at the time of the accident and death; in such other cases if there are a sufficient number of persons wholly dependent to take up the maximum compensation, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof."
There are two prongs that plaintiffs must meet under this section: first, they must show actual dependency; second, this dependency must be of sufficient magnitude, as a matter of law, to amount to legal dependency. If any one or more of plaintiffs can meet the test under section 1252, they may recover partial benefits because of their relationship to decedent as lineal descendants, LSA-R.S. 23:1253, provided that they can show such dependency existed at the time of decedent's accident and death. LSA-R.S. 23:1254.
Plaintiffs must prove actual dependency by a preponderance of credible evidence; a finding of actual dependency under section 1252 is essentially a factual determination. Castle v. Prudhomme Tank Truck Line, Inc., 417 So.2d 1205, 1208 (La.App. 1st Cir.), writ denied, 422 So.2d 423 (La.1982); Griffitts v. Tiger Well Service, Inc., 226 So.2d 175, 176 (La.App.3d Cir.), writ denied, 254 La. 852, 227 So.2d 594 (1969); see McDermott v. Funel, 258 La. 657, 247 So.2d 567 (1971); Turner v. Consolidated Underwriters, 170 So.2d 199 (La.App.3d Cir.), affirmed, 248 La. 37, 176 So.2d 420 (1965). A finding of actual dependency or the absence thereof by the trial court is entitled to great weight. Unless a factual finding is shown to be clearly wrong, it will not be disturbed on appeal. Harris v. State Through Huey P. Long Memorial Hospital, 378 So.2d 383, 389 (La. 1979); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Roussel v. Colonial Sugars Company, 318 So.2d 37, 39 (La. 1975).
On the subject of actual dependency, the record contains conflicting and inconsistent testimony between the plaintiffs, and often inconsistencies between different portions of the testimony of a single plaintiff. We particularly note that plaintiffs' deposition testimony often differed from that given at trial. The trial testimony was, of course, the more favorable of the two for showing dependency. Plaintiffs' only evidence of dependency was testimony.
On the basis of the record, we cannot say that the trial judge was clearly wrong in finding no actual dependency. To the contrary, we observe ample support for his finding.
Even if we fully accepted plaintiffs' contentions on appeal, which we clearly do not have to do, we would find, as a matter of law, that plaintiffs have not established legal dependency. The strongest claim is that decedent occasionally provided certain plaintiffs with temporary shelter, food, or small sums of cash. Such occasional gifts or aid do not amount to legal dependency under section 1252. See Durbin v. Argonaut Insurance Co., 393 So.2d 385 (La. App. 1st Cir.1980); Affiliated Foods, Inc. v. Blanchard, 266 So.2d 539 (La.App. 3d Cir.1972).
The trial court did not err in finding that plaintiffs were not entitled to dependency benefits.

STATUTORY PENALTIES AND ATTORNEY FEES
Plaintiffs contend that defendant insurance company should pay statutory penalties and attorney fees because it did not pay the medical and funeral costs of decedent upon claim and demand. Plaintiffs *156 were required to file suit for these benefits. The relevant statutory section provides:
"All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney's fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney's fees for the prosecution and collection of such amount. Provided, that all losses on policies covering automobiles, trucks, motor propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be 25% and all reasonable attorney's fees."
LSA-R.S. 22:658 (emphasis added).
The focus of our inquiry is whether defendants' actions were "arbitrary, capricious, or without probable cause." If defendants had a rational basis upon which to deny decedent's benefits, then defendants did not act arbitrarily, capriciously, or without probable cause in requiring plaintiffs to prove their case at trial, and we must approve defendants' actions. The analysis of defendants' rationality in denying plaintiffs' claim must include the law of workers' compensationi.e., under the law, was defendants' position that plaintiffs were not entitled to benefits arbitrary, capricious, or without probable cause?
Plaintiffs contend that Guillory v. U.S. Fidelity & Guar. Ins. Co., 420 So.2d 119 (La.1982) provides the law regarding the payment of benefits in this case, and, moreover, that just as defendant insurer's refusal to pay benefits in that case was held to be proscribed by LSA-R.S. 22:658, then so is defendant's refusal to pay benefits in the present case proscribed by section 658. Plaintiffs are half right. Guillory provides the law in this case for determining when compensation is due under LSA-R.S. 23:1031, but Guillory's disposition of the penalties and attorney fees issue is not controlling here.
Guillory reaffirmed the rule of Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969), that when disability or death follows an accident within the course of employment, the disability or death is presumed to arise out of such employment, notwithstanding the fact that a preexisting condition may have contributed to or caused the disability or death. The presumption may be rebutted by the employer, but absent such a rebuttal, the employer must pay compensation. 420 So.2d at 123-24. See also Juge & Phillips, A New Standard for Cardiovascular Claims in Workers' Compensation, 43 La.L.Rev. 17 (1982).
The Guillory Court found, under the discrete facts of that case, that defendants should clearly have known that they could not rebut the presumption:
"In this case, all parties agreed that Guillory suffered an accident in the course of and arising out of his employment. Furthermore, all agreed that Guillory was totally and permanently disabled after the accident. The defendant-insurer paid most of plaintiff's medical bills but denied that it owed the plaintiff compensation benefits, on the contention that there was no causal connection between the accident of December 15, 1978 and the ensuing disability.
The Bertrand decision was rendered in 1969 and has been the prevailing law since then. Notwithstanding the rebuttable *157 nature of the Bertrand presumption, the tenor of the strong facts and evidence of causality in this case make the defendant's refusal to pay compensation arbitrary and capricious."
420 So.2d at 124-25.
In the present case, "strong facts and evidence of causality" do not exist which make defendant insurer's refusal to pay benefits arbitrary and capricious.
First, defendants legitimately raised the question as to whether or not the accident occurred in the "course" of work. The record indicates that decedent may have perspired a bit more than usual at work on the day he became ill, and also that he may have experienced some cramps and dizziness. However, decedent did not become noticeably ill until he arrived at the motel. We agree with the trial judge that, under the decided cases, decedent's illness is properly compensable as within the "course" of his work; however, we do not believe that defendants acted arbitrarily or capriciously in contesting the issue.
An even stronger basis upon which defendants contested the compensability of decedent's illness and death is the "arising out of" requirement of LSA-R.S. 23:1031. This causal requirement is presumed to be met in the present case, just as it was in Guillory. However, defendants are not totally precluded from attempting to rebut the presumption. Unlike Guillory, in which the medical evidence overwhelmingly supported plaintiff's case, defendants in the present case presented competent, expert medical testimony that the preexisting condition could have been the sole cause of decedent's illness and death.[3] Again, we agree with the trial judge that the facts of the case and the law on this issue support a finding that the accident was one "arising out of" decedent's work. Defendants' contentions to the contrary, however, are not arbitrary and capricious.
The serious and complex questions of medical and legal causation and the conflicting trial and deposition testimony on all issues amply illustrate that defendant insurer did not deny plaintiffs' claims arbitrarily, capriciously, or without probable cause. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, 635 (La.1982); McDonald v. International Paper Company, 406 So.2d 582, 584 (La.1981).
To hold the insurer liable for penalties and attorney fees in this case would be to state, in effect, that in any instance where employer and insurer contest liability under the Workers' Compensation Act, the insurer will be liable for penalties and attorney fees, in addition to benefits, should employer and insurer not prevail in their cause. We do not believe that this can be the true meaning of a statute merely proscribing conduct which is "arbitrary, capricious, or without probable cause." As noted in Guillory, the purpose of LSA-R.S. 22:658 "is to discourage attitudes of indifference to the injured employee's condition." 420 So.2d at 124. The purpose of the statute most clearly is not to frighten employers and insurers away from defenses that they rationally believe merit the attention of a trial court.
The defendants exercised their legal right to defend against plaintiffs' claim. This choice was based on a rational understanding of the law and the facts. The trial court found defendant insurer liable for decedent's benefits under the Workers' Compensation Act, but this fact alone does not render defendants' choice to contest liability "arbitrary, capricious, or without probable cause." The trial court did not err in denying plaintiffs' claim for penalties and attorney fees.

SUMMARY
The trial court did not err in finding that plaintiffs had failed to prove that they *158 were legally and actually dependent on decedent at the time of his accident and death. The trial court did not err in finding that defendants had not acted arbitrarily, capriciously, or without probable cause by denying plaintiffs' claim and demand for benefits. Based on the above reasons, the judgment of the trial court is affirmed at plaintiffs' costs.
AFFIRMED.
NOTES
[1] Steve Doyle, III, Janis Doyle, Marlene Doyle, Leta Doyle, Felicia Doyle Allen, and Patrick Doyle.
[2] Dwayne Mason, Allison Doyle, and Cameron Doyle.
[3] Defendants also contend that Guillory involved a disability resulting from heart disease, whereas decedent in the present case died from a stroke. We see no reason to draw a distinction between cerebrovascular accidents and cardiovascular accidents, at least for purposes of the present case. However, we do not label the attempt to draw such a distinction as "arbitrary and capricious" when evidence is adduced to support such a distinction.