LABORDE, Judge.
Plaintiff employee was awarded benefits and attorney fees in his workers’ compensation action against defendant employer. Defendant appeals, contending that the trial judge erred by awarding benefits. Defendant further contends that, even if it owes compensation benefits, it is not liable for attorney fees. Plaintiff requests an increase in attorney fees. We affirm the compensation award, reverse the attorney fees award, and render judgment in this ease.
Plaintiff Douglas Brossett is an employee of defendant Louisiana Department of Transportation and Development (DOTD). Plaintiff began his employment with DOTD as a laborer. However, plaintiff worked his way up to the position of “Foreman II,” which is DOTD’s job designation for an employee who provides on-site supervision of road-work crews.
Plaintiff suffered a myocardial infarction, or heart attack, on October 6, 1981, during the course of his duties as a supervisor for DOTD. Plaintiff was then in his mid-40s, and, according to undisputed evidence at trial, he had hypertensive cardiovascular disease, or high blood pressure, for at least several years prior to his heart attack. Additionally, the evidence establishes that plaintiff had a preexisting arte-riosclerotic clogging of the arteries in his heart with fatty cholesterol deposits.
Plaintiff was hospitalized, treated, and then he convalesced at home for several months. Plaintiff returned to work on January 5, 1982, and he has been performing his supervisory job at full pay since that time. The only difference in plaintiff’s work life noted by the trial judge is that plaintiff is now unable to help his crew with strenuous physical labor. Although labor is not required for plaintiff’s supervisory position, it is an activity plaintiff used to perform on the job before his heart attack, because, as stated by the trial judge, he tries “to be an exemplary supervisor.”
Plaintiff was paid all compensation benefits to which he was entitled from the date of the accident to the date he returned to work. Additionally, DOTD has paid all medical expenses related to plaintiff's heart attack. After he returned to work, plaintiff sought and was denied benefits “[f]or injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured” resulting in a reduction in wages. La.Rev.Stat. 23:1221(3) (West 1975) amend *123 ed by La.Acts 1983, 1st Ex.Sess., No. 1, sec. 1 (effective July 1, 1983). Plaintiff filed suit on December 22, 1982, seeking, in particular, partial disability benefits under Louisiana Revised Statute 23:1221(3) and, in general, all other relief allowable under applicable law. Plaintiff later amended his petition to demand “penalties and reasonable attorney’s fees” for defendant’s alleged arbitrary and capricious failure to pay disability benefits to him under section 1221(3).
The matter came to trial on June 24, 1983. The trial judge heard all the evidence, and requested that counsel for both litigants submit post trial memoranda. After reviewing the law and evidence and the post trial memoranda, the judge found that plaintiff is not “disabled” in such a fashion that he is entitled to benefits under those compensation provisions intended to replace lost earnings, see La.Rev.Stat. 23:1221(1) — (3), because he has returned to his supervisory job, at full pay, and he is able to perform the functions required by that job fully and without pain or impediment. However, based on the evidence, the trial judge found that plaintiff suffered “a 15-20 percent loss of function of the body as a whole as a result of the heart attack.” Thus, the trial judge entered an award of maximum benefits under Louisiana Revised Statute 23:1221(4)(p), which provided at all times relevant for the determination of this case:[1]
“In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-six and two-thirds per centum of wages during one hundred weeks.”
The trial judge also found that DOTD acted arbitrarily and capriciously by denying compensation to plaintiff. Therefore, he found DOTD liable for statutory penalties and attorney fees of $3500.[2]
DOTD perfected this appeal. DOTD contends:
(1) The trial judge erred by finding plaintiff entitled to compensation under *124 section 1221(4)(p) or, alternatively, by awarding maximum benefits if plaintiff can recover under that section.
(2) The trial judge erred by finding that DOTD acted arbitrarily and capriciously in refusing to pay compensation to plaintiff, and therefore the trial judge erred by awarding penalties and attorney fees.
Because of our disposition of this appeal, we need not consider plaintiffs request for an increase in attorney fees.
AWARD OF BENEFITS UNDER SECTION 1221(4)(p)
The basis of an award under section 1221(4)(p) is a residual impairment from a work-related injury or illness. Section 1221(4)(p) does not apply to impairments that “disable” the worker, in the sense that the worker’s ability to perform his or her job is eliminated or reduced; instead, section 1221(4)(p) provides compensation for non-disabling impairments that otherwise seriously hinder the worker for the rest of his or her life. Bourgeois v. South Central Bell Tel. Co., 407 So.2d 1245, 1249 (La.App. 4th Cir.1981). In this case, the trial judge found that, as a result of his heart attack, plaintiff is residually impaired to the extent of 15-20 percent of the full use of his body. The trial judge based this conclusion on expert medical evidence and on lay evidence tending to show that plaintiff cannot now engage in the type of physical activities, both on and off the job, that he engaged in before his heart attack. The factual finding of serious and permanent impairment is supported by the record; it is not clearly wrong and we will not disturb it on appeal. See Harris v. State Through Huey P. Long Memorial Hospital, 378 So.2d 383, 389 (La.1979); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Roussel v. Colonial Sugars Company, 318 So.2d 37, 39 (La.1975).
DOTD contends that any impairment suffered by plaintiff is wholly unrelated to plaintiffs heart attack. DOTD contends that the causes of plaintiff’s impairment are his preexisting hypertension and clogged arteries. Unquestionably, these two factors contribute to plaintiff’s experience of pain from physical activity, and his decided risk of death from another heart attack, should be attempted to engage in activities common to his life before his heart attack. It is also extremely likely, according to the medical evidence in this case, that plaintiff’s hypertension and clogged arteries predisposed him to have a heart attack.
“It is well settled that workers’ compensation benefits are payable when an occupational accident aggravates or accelerates a pre-existing condition and produces disability.” Wheat v. Ford, Bacon and Davis Const. Corp., 424 So.2d 293, 298 (La.App. 1st Cir.1982), writs denied, 429 So.2d 155, 158 (La.1983). Although plaintiff in this ease is not “disabled,” in the sense of not being able to return to his former job, plaintiff nonetheless is impaired, for which benefits are payable under section 1221(4)(p). According to the trial judge, this impairment is the result of plaintiff’s heart attack. Thus, plaintiff’s heart attack aggravated or accelerated the ill effects of plaintiff’s hypertension and clogged arteries, and produced a serious and permanent impairment of plaintiff’s physical capabilities. The medical and lay evidence convinced the trial judge that plaintiff’s heart attack was not merely a symptom of an existing condition; rather, the heart attack substantially worsened plaintiff’s cardiovascular condition and caused a serious impairment of plaintiff’s physical functions and capabilities. As we noted above, such findings of fact should be upheld unless they are clearly wrong, based on the record taken as a whole. The trial judge was not clearly wrong.
DOTD contends that, if plaintiff is entitled to benefits under section 1221(4)(p) at all, the trial judge erred by awarding maximum benefits based on a 15-20 percent loss of functions and capability of the body as a whole. We disagree. The award under section 1221(4)(p) need not reflect the percentage of impairment. Rather, the award is only subject to the *125 statutory maximum and the sound discretion of the trial judge. See Bourgeois v. South Central Bell Tel. Co., 407 So.2d 1245, 1249 (La.App. 4th Cir.1981). The trial judge did not abuse his discretion, considering the seriousness of and the deadly risks entailed by plaintiffs’ form of impairment.
PENALTIES AND ATTORNEY FEES
DOTD notes that from the date plaintiff first asked for benefits after returning to work through all the proceedings at trial, the issue of plaintiff’s entitlement to benefits under section 1221(4)(p) was never raised by either party, nor, apparently, did the trial judge consider an award for residual impairment. Rather, plaintiff pursued the remedy of benefits for partial disability under section 1221(3), which the trial judge ultimately found to be inapplicable, as discussed previously. The residual impairment provision was first interjected into this case when DOTD, in its post trial memorandum, suggested that this was the only possible workers’ compensation provision under which plaintiff might qualify for benefits. We further note that the evidence in this ease presented close issues of fact, even as to plaintiff’s entitlement to benefits under the late-considered residual impairment provision. Whether the heart attack was related to the impairment, whether the impairment was “permanent and serious” or, indeed, whether an impairment existed at all, were legitimate questions of fact that this case presented to the trial judge.
An employer or an employer’s compensation insurer is not liable for penalties and attorney fees simply because it refuses to pay a worker’s benefits claim, and the worker subsequently files suit and is awarded benefits. Rather, the refusal to pay, under any past or present statutory scheme governing this issue in workers’ compensation cases, must be arbitrary, capricious, or without probable cause before the statutory sanctions can be imposed by the trial judge. As we noted recently, if the employer or insurer has a rational basis upon which to base its decision not to pay the worker’s claim, then it has not acted arbitrarily, capriciously, or without probable cause. Doyle v. United General Ins. Co., 458 So.2d 152, 157 (La.App. 3d Cir. 1984). Under the circumstances of this case, DOTD rationally refused to pay benefits. First, the ultimate basis for plaintiff’s award was not even presented to DOTD in plaintiff’s original claim. Second, even if DOTD originally had been presented with a claim under the residual impairment provision, it rationally could have refused to pay the claim. The benefits law ultimately applied by the trial judge does not mandate an award to plaintiff without the resolution of the several key factual issues mentioned above. DOTD and plaintiff had opposite views of these factual matters, each of which is a rational, though necessarily incompatible, assessment of the facts. The judge decided the factual issues in favor of plaintiff, but this does not render arbitrary, capricious, or without probable cause defendant’s decision to present these issues to a trial court for resolution. Doyle, 458 So.2d at 157; see also Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, 635 (La.1982); McDonald v. International Paper Company, 406 So.2d 582, 584 (La. 1981).
DECREE
Based on the above reasons, that portion of the judgment of the trial court awarding plaintiff attorney fees is reversed. In all other respects, the judgment of the trial court is affirmed. Costs on appeal are assessed one half to plaintiff and one half to defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
GUIDRY and YELVERTON, JJ., concur.

. Section 1221(4)(p) was amended by Acts 1983, 1st Ex. Sess., No. 1, sec. 1, effective July 1, 1983, to read:
“In cases not falling within any of the provisions already made, where the employee is seriously and permanently disfigured or where the usefulness of the physical function of the respiratory system, gastrointestinal system, or genito-urinary system, as contained within the thoracic or abdominal cavities, is seriously and permanently impaired, compensation not to exceed sixty-six and two-thirds percent of wages for a period not to exceed one hundred weeks may be awarded. In cases where compensation is so awarded, when the disability is susceptible to percentage determination, compensation shall be established in the proportions set forth in Sub-paragraph (o) of this Paragraph. In cases where compensation is so awarded, when the disability is not susceptible to percentage determination, compensation as is reasonable shall be established in proportion to the compensation hereinabove specifically provided in the cases of specific disability."
The amending act also added the following provision as section 1221(4)(q):
“No benefits shall be awarded or payable in this Paragraph unless anatomical loss of use or amputation, as provided in Subparagraphs (a) through (o) of this Paragraph or loss of physical function as provided in Subpara-graph (p) of this Paragraph is greater than fifty percent as established in the American Medical Association Guides to the Evaluation of Permanent Impairment, copyright 1977, by the American Medical Association.”
If plaintiff in this case could recover for his injury under amended subsection (p), it is clear that new subsection (q) would pretermit recovery based on the loss of function percentage determined by the trial judge.

. Curiously, only the attorney fees, not the 12 percent statutory penalties, are included in the judgment prepared by plaintiffs counsel and signed by the judge. R. at 81. Although the 1983 Worker’s Compensation Act amendments abolish awards of statutory penalties, see Mallet v. La. Nursing Homes, Inc., 459 So.2d 178, 181 & n. 2 (La.App. 3d Cir.1984), both penalties and attorney fees are available under the prior statutory scheme that governs this case. Because we find no arbitrary and capricious action on the part of DOTD, we need not address the error in the judgment.