PER CURIAM.
Within one year of an amended final judgment of dissolution, Barbara Santieste-ban filed a timely motion, pursuant to Florida Rule of Civil Procedure 1.540(b), claiming fraud in the procurement of that order. The motion was accompanied by a motion to modify the permanent alimony ordered in that final judgment. The trial court denied both motions. We affirm the trial court’s determination that the wife failed to prove fraud by clear and convincing evidence. See Holland v. Holland, 458 So.2d 157 (Fla. 1st DCA 1984); Paris v. Paris, 412 So.2d 952 (Fla. 1st DCA 1982). We reverse the trial court’s determination that the wife presented insufficient evidence for modification of the permanent alimony originally ordered.
A recipient spouse may seek modification of an alimony award without showing substantial post-divorce increase in need where the paying spouse, who was financially unable to pay more at the time of final judgment, later has the ability to pay a greater amount and where the recipient spouse’s original needs remain unmet. Schlesinger v. Emmons, 566 So.2d 583 (Fla. 2d DCA 1990); Lenton v. Lenton, 370 So.2d 30 (Fla. 2d DCA 1979), cert. denied, 381 So.2d 767 (Fla.1980). See Bedell v. Bedell, 561 So.2d 1179, 1182 (Fla. 3d DCA 1989), jurisdiction accepted, 569 So.2d 444 (Fla.1990).
In the instant case, the trial court observed that the wife was fifteen years of age when the couple married. After twenty-six years of being a homemaker, she had no work skills or job experience with the exception of a few short-term, unskilled positions. The final judgment of dissolution clearly states that while in years past the husband had earned $30,000 to $45,000 in his own construction business, the husband’s despondency over his failed marriage had marred his emotional stability and earning capacity, and at the time of final hearing his wages were limited to the $668 he earned monthly as an electrician’s helper. The order of permanent alimony of $150 per month was predicated on his bleak financial outlook. At the hearing on the wife’s Rule 1.540(b) claim and motion for modification, the wife presented evidence that the husband had regained his spirits, he had once again begun his contracting work, and he had accumulated additional assets since the dissolution.
While we agree the evidence presented did not meet the standard required for granting the wife’s Rule 1.540(b) claim, evidence of increased earnings over and above the husband’s earnings at the time of final judgment and evidence of the wife’s need for additional funds was sufficient to provide a basis for consideration of the wife’s motion for modification. Had not the litigants so intensely geared their argument to the issue of fraud, the need for further consideration of the motion for modification would have been apparent.
We affirm the denial of the wife’s motion for relief pursuant to Rule 1.540(b). However, we reverse the trial court’s order denying modification and remand for rede-termination of whether evidence of the husband’s increased earnings, in light of the *893 wife’s needs, merits modification of the amount of permanent alimony. This disposition renders moot the wife’s separate but consolidated claim for reversal of the dismissal of a second motion for modification she made subsequent to the order denying the Rule 1.540(b) motion and original motion for modification.
Affirmed in part, reversed in part and remanded.