676 So.2d 743 (1996)
Burnie BROUSSARD (Deceased), Kristine Broussard, Plaintiff-Appellant,
v.
WEST-CAL CONSTRUCTION COMPANY, INC., Defendant-Appellee-Appellant.
No. 96-18.
Court of Appeal of Louisiana, Third Circuit.
June 12, 1996.
*744 Brian Lee Coody, Lake Charles, for West-Cal Construction.
J.E. Guglielmo Jr., Lake Charles, for Kristine E. Broussard.
Before DOUCET, C.J., and THIBODEAUX, DECUIR, AMY and SULLIVAN, JJ.
DECUIR, Judge.
This is an appeal by both plaintiff and defendant from the judgment of the hearing officer awarding death benefits to Samantha Broussard, minor daughter of Kristine Broussard and decedent, Burnie Broussard, and penalties in the amount of $1,500 or 12% whichever is greater, as well as attorney's fees in the amount of $4,500. The hearing officer also assessed costs, including deposition fees, against defendant.
Plaintiff, Kristine Broussard, contends the hearing officer erred: (1) in failing to award the statutory penalty pursuant to La.R.S. 23:1125 for defendant's alleged failure to furnish a medical report; (2) in failing to specify the amount of death benefits awarded; (3) in failing to order the production of the report of defendant's expert and in failing to state plaintiff was entitled to a presumption in the absence of said report; (4) in failing to address the issue of defendant's unreasonableness and arbitrariness with regard to the issue of surgery; (5) in failing to award adequate attorney's fees; (6) in failing to award judicial interest on attorney's fees; and (7) in in allowing the introduction of the discovery depositions of Kristine Broussard and Dr. Kevin Gorin and the Calcasieu Parish Offense Report in connection with Burnie Broussard's death. Plaintiff also requests additional attorney's fees on appeal.
Defendant, West-Cal Construction Company, Inc., contends the hearing officer erred: (1) in failing to allow the affirmative defense of an intentional act of the employee; (2) in finding a causal connection between the suicide and the work-related accident; (3) in failing to apply the clear and convincing burden of proof required pursuant to La.R.S. 23:1021(7)(c); (4) in finding that the minor child was dependent upon the decedent as required by La.R.S. 23:1231; and (5) in awarding penalties and attorney's fees.

FACTS
Burnie Broussard was injured on November 11, 1991, while employed by defendant, West-Cal Construction Company. Weekly benefits were paid from the date of the accident until December 1993. Mr. Broussard committed suicide on December 9, 1993. At the time of the alleged accident, the decedent was married to and living with Kristine Broussard. One child was born of the marriage, namely, Samantha Broussard, on April 4, 1988. The decedent and Kristine Broussard separated in August 1993 and were living apart at the time of Mr. Broussard's death. Although a petition for divorce was filed, the Broussards were not divorced at the time of decedent's death. A separation of the community property was completed prior to decedent's death, and the couple had a joint custody agreement.
Kristine Broussard contends that the defendant was arbitrary and capricious in failing to pay medical expenses timely and in failing to authorize surgery recommended by decedent's treating physician. Ms. Broussard further contends that decedent's suicide is a result of his work injury, non-authorization of recommended surgery, and delay and non-cooperation by the defendant in handling of decedent's claim. West-Cal Construction contends that all medical bills, with the exception of two medical bills from Lake Charles Memorial Hospital were paid timely, and that decedent's death was the result of an intentional act barring recovery of death benefits. West-Cal further argues that there is no causal relationship between decedent's *745 physical injury and the mental injury resulting in decedent's death.

PENALTIES AND ATTORNEY'S FEES
The issue of penalties and attorney's fees is addressed first since it relates to defendant's handling of this claim prior to decedent's death. In written reasons, the hearing officer specifically states: "On the issue of the untimely payment of medical bills and the non-authorization of surgery, this Court finds defendants arbitrary and capricious." (Emphasis ours.) The reasons for judgment indicate that the hearing officer was cognizant of the fact that Dr. William Foster, plaintiff's treating physician, recommended a microdiscectomy at L5-S1 on December 23, 1992, and that Dr. Jack Hurst, a physician selected by defendant, concurred that decedent would likely respond to a lumbar discectomy. The hearing officer further notes that decedent was not informed of Dr. Hurst's findings. Considering the foregoing, plaintiff's contention that the hearing officer failed to address the issue of defendant's failure to authorize the recommended surgery and defendant's failure to provide plaintiff with Dr. Hurst's report is without merit.
Defendant argues that the hearing officer erred in awarding penalties and attorney's fees where there is no evidence that it acted arbitrarily and capriciously in handling decedent's claim. Furthermore, defendant in brief states the only remedy available to plaintiff is attorney's fees and contends that at the time of decedent's accident, La.R.S. 23:1201 did not provide for penalties on unpaid medical benefits. While this court finds no manifest error in the hearing officer's finding that defendant was arbitrary and capricious in delaying payment of medical expenses and in its failure to authorize surgery, we are compelled to follow the law as enunciated by this court in Dubois v. Diamond M. Co., 559 So.2d 777 (La.App. 3 Cir.), writ denied, 563 So.2d 866 (La.1990) as to the award of penalties. Prior to January 1, 1993, the penalty provisions of La.R.S. 23:1201 did not apply to the failure to timely pay medical benefits. See also Mitchell v. Dixie Roofing & Sheet Metal Co., 95-288 (La.App. 3 Cir. 10/4/95); 663 So.2d 222. Therefore, we must reverse the award of penalties in the amount of $1,500.
As to the amount of attorney's fees awarded, a hearing officer has great discretion, and her decision will not be disturbed unless it is clearly wrong. We find no error in the award of attorney's fees, and further find the hearing officer did not abuse her discretion in awarding attorney's fees in the amount of $4,500.
Addressing plaintiff's contention that judicial interest is owed on the award of attorney's fees, we note that this court has previously held that a worker's compensation claimant who has been awarded attorney's fees is entitled to legal interest thereon from date of judicial demand. George v. Marcantel Feed Stores, Inc., 446 So.2d 345 (La.App. 3 Cir.1984); Sharbono v. H & S Construction Co., 478 So.2d 779 (La.App. 3 Cir.1985).
Finally, having found the award of attorney's fees for defendant's arbitrary and capricious untimely payment of medical bills and non-authorization of surgery to be proper, we conclude that plaintiff is entitled to attorney's fees on appeal in the amount of $2,000.

STATUTORY PENALTY FOR FAILURE TO FURNISH MEDICAL REPORT
Plaintiff contends the hearing officer erred in failing to assess a penalty in the amount of $250, plus reasonable attorney's fees for defendant's failure to furnish a medical report pursuant to La.R.S. 23:1125. We note that plaintiff complains that defendant withheld a copy of Dr. Hurst's report and the hearing officer found that decedent was not informed of Dr. Hurst's findings. Plaintiff is therefore awarded the statutory penalty of $250, plus $500 in attorney's fees pursuant to La.R.S. 23:1125.

INTRODUCTION OF DEPOSITIONS AND OFFENSE REPORT
Our examination of the record reveals that plaintiff did not object to the introduction of the discovery depositions of Kristine Broussard and Dr. Kevin Gorin or to the Calcasieu Parish Offense Report concerning Mr. Broussard's death. Plaintiff's failure to *746 do so constitutes a waiver of plaintiff's right to complain on appeal. La.Code Civ.P. art. 1635.

DEATH BENEFITS
La.R.S. 23:1231 provides in pertinent part:
A. For injury causing death within two years after the last treatment resulting from the accident, there shall be paid to the legal dependent of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as provided in this Subpart.
B. (1) If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident. (Emphasis ours.)
At the time of decedent's death, he and his wife were separated and a community property settlement had been effectuated. It is undisputed that Kristine Broussard was not financially dependent upon the decedent, however, plaintiff claims that the decedent's minor child, Samantha, was a dependent entitled to death benefits under the statute. The record reflects that at the time of his death, Mr. Broussard had a child support obligation of $150 per month, but Mrs. Broussard did not require the decedent to meet this obligation and in fact testified that she was able to financially support her child. The record reflects that the decedent sometimes babysat Samantha for Mrs. Broussard and that he bought the child clothes and toys, took her to dinner, to the movies, and fishing. The hearing officer found the plaintiff had proven that the minor child was partially actually dependent upon her father for support, stating that decedent had been ordered to pay child support and the fact that Mrs. Broussard did not require decedent to make support payments did not exempt decedent from that responsibility, nor was it the child's fault that such an arrangement had been made by her mother. The fallacy of the last part of this statement is that had Mr. Broussard not died, the child would not have received benefits anyway. Nevertheless, plaintiff must prove that Samantha was a legal dependent of the decedent and that the decedent actually contributed to her support at the time of the accident and death. The mere existence of a need of support or moral or legal obligation to support is not sufficient to show dependency. Griffitts v. Tiger Well Service, Inc., 226 So.2d 175 (La.App. 3 Cir.), writ denied, 227 So.2d 594 (La.1969), wherein the Supreme Court stated: "The application is denied. There appears no error of law in the judgment complained of." Furthermore, occasional gifts or aid do not amount to legal dependency under section 1252. Doyle v. United General Ins. Co., 458 So.2d 152 (La.App. 3 Cir.1984). Therefore, we must reverse the hearing officer's award of death benefits.
Having found that that no death benefits are due under La.R.S. 23:1231, the parties' remaining assignments of error are rendered moot.
The hearing officer's award of $1,500 in penalties is reversed. That portion of the judgment awarding attorney's fees in the amount of $4,500 is affirmed; and plaintiff is entitled to and is hereby awarded interest thereon from date of judicial demand. Plaintiff is hereby awarded the amount of $250, plus attorney's fees in the amount of $500 pursuant to La.R.S. 23:1125. Furthermore, plaintiff is hereby awarded attorney's fees on appeal in the amount of $2,000. Finally, the award of death benefits is hereby reversed.
Costs of appeal are assessed to defendant-appellee-appellant.
REVERSED IN PART AND AFFIRMED IN PART.
AMY and SULLIVAN, JJ., concur in the result.
THIBODEAUX, J., dissents and assigns reasons.
*747 THIBODEAUX, Judge, dissenting.
I dissent from that portion of the majority opinion which reverses the award of death benefits to the minor child. The hearing officer was correct in her decision to award benefits.
Dependency is a question of fact. The hearing officer was not manifestly erroneous in her determination of actual and partial dependency. The majority opinion is too restrictive and does not comport with the objectives of social legislation. It requires the actual payment of money for one to qualify as a dependent. The majority's reliance on Doyle v. United General Insurance Company, 458 So.2d 152 (La.App. 3 Cir.1994) is misplaced. Doyle concluded that occasional gifts or aid do not amount to legal dependency under La.R.S. 23:1231. That may be so. However, in this case, the gifts and aid provided by the decedent were certainly not occasional or temporary. Furthermore, Doyle affirmed a trial court finding of no dependency and said that "[a] finding of actual dependency or the absence thereof by the trial judge is entitled to great weight." Id. at 155. Our failure to accord that degree of deference to the finding of the hearing officer has worked a manifest injustice on Samantha, the minor child.
Mr. and Mrs. Broussard agreed to joint custody of Samantha. Mr. Broussard cared for the child for four to five days, and sometimes seven days, per week while Mrs. Broussard worked subsequent to Mr. Broussard's injury. Additionally, he kept her on weekends, picked her up after school, took her out to eat and to the skating rink for entertainment. In fact, Mr. Broussard had the physical possession of Samantha for more than 50% of the time. Furthermore, he purchased all of the child's toys and paid for the child's entertainment. He did provide money to Mrs. Broussard on behalf of Samantha on one occasion but she was reluctant to accept it because of his lack of income. His care for and physical possession of Samantha preempted the need for Mrs. Broussard having to pay a babysitter. To say that these services have no value is a refusal to recognize present day reality. It is not difficult for an economist to place a concrete figure on the value of these services.
The better view is that taken by our brethren of the second circuit in Hunt Plywood, Inc. v. Estate of Dylon Davis, 26161, 26162 (La.App. 2 Cir. 10/26/94); 645 So.2d 248. In Hunt, the decedent extended only limited support to two minor children and never complied with a consent judgment ordering him to pay $125.00 per month to one of the minor children. However, he did provide some money for specific acquisitions, visited the children on a regular basis and bought the children diapers, medicine, and kept one of them overnight several times monthly. The second circuit affirmed the hearing officer's estimation of his contributions and awarded benefits on that basis.
Partial dependency was clearly established and this case should be remanded for the appropriate calculation of a specific award to be made by the hearing officer.
For the foregoing reasons, I respectfully dissent.