620 So.2d 461 (1993)
Joseph CASTILLE, Plaintiff-Appellee,
v.
Michael McDANIEL, et al., Defendant-Appellant.
No. 92-971.
Court of Appeal of Louisiana, Third Circuit.
June 9, 1993.
Timothy Michael Cassidy, Jennings, for Joseph Castille.
Michael Keith Prudhomme, Lake Charles, for Louisiana Ins. Guar. Assn.
Before DOMENGEAUX, C.J., and GUIDRY, LABORDE, THIBODEAUX and SAUNDERS, JJ.
LABORDE, Judge.
In this case, defendant, the Louisiana Insurance Guaranty Association (LIGA), appeals a lower court judgment in favor of plaintiff, Joseph Castille, casting it with pre-insolvency court costs and judicial interest. Finding the trial court erred, we reverse.

FACTS
The instant action involves an automobile accident which occurred on December 30, 1988 on Interstate 10 in Lake Charles involving a 1988 Nissan two door pickup truck owned and operated by Michael S. McDaniel; a 1983 Oldsmobile Regency 98 owned and operated by Alvin McGee; a 1982 Pontiac Bonneville owned by Velma Baptiste, operated by Gilbert A. Pitre, and in which Patrick M. Jackson and Joseph Castille were riding as guest passengers.
As a result of this incident, plaintiff filed suit against Michael S. McDaniel and his automobile liability carrier, Fidelity Fire and Casualty Insurance Company, on December 29, 1988. Michael S. McDaniel was ultimately dismissed with plaintiff reserving his rights against Mr. McDaniel's liability carrier. On April 9, 1991, this matter was tried and judgment rendered in favor of plaintiff. A formal judgment was signed on April 22, 1991. On September 4, 1991, the judgment debtor, Fidelity Fire and Casualty Insurance Company, was declared *462 insolvent, and LIGA assumed its obligations under La.R.S. 22:1375, et seq.
Fidelity Fire and Casualty Insurance Company had in effect, in favor of Michael S. McDaniel, an automobile liability insurance policy providing liability limits of $10,000.00 per person, with a maximum obligation of $20,000.00 per accident. There were a number of claims made against McDaniel's policy as a result of the accident. Consequently, there is $7,650.00 of the $20,000.00 limit remaining to satisfy this judgment.
As a result of this dispute over interest and costs, a rule was filed with the lower court to determine whether LIGA was responsible for such pre-insolvency expenses. Following a hearing, the lower court ruled that LIGA was responsible for all accrued court cost and judicial interest. LIGA does not dispute its responsibility for these expenses which have accrued since insolvency, in light of partial discharge and satisfaction of judgment. However, LIGA does dispute its alleged responsibility for these pre-insolvency expenses.

ASSIGNMENT OF ERROR
In its only assignment of error, LIGA alleges the trial court erred in assessing it with the pre-insolvency court cost and judicial interest Fidelity Fire and Casualty Company's incurred prior to its insolvency. La.R.S. 22:1375 et seq. governs the Insurance Guaranty Association Fund. Specifically, LIGA relies on the provisions of La. R.S. 22:1379(3)(d) as the basis for its argument that it is not responsible for these costs. This statute provides:
"Covered Claims" shall not include any claim based on or arising from a preinsolvency obligation of an insolvent insurer, including but not limited to contractual attorney's fees and expenses, statutory penalties and attorney's fees, court costs, interest and bond premiums, or any other expenses incurred prior to the determination of the insolvency.
The legislature amended this statute by Acts 1990, Number 105 § 1 in 1990. Prior to this amendment, this article read as follows:
(3) "Covered Claim" means an unpaid claim, including one for unearned premiums by or against the insured or agent, which arises out of and is within the coverage and not in excess of the applicable limits of an insurer, if such insurer becomes an insolvent insurer after September 1, 1970, and (a) the claimant or insured is a resident of this state at the time of the insured event; or (b) the property from which the claim arises is permanently located in this state. "Covered claim" shall not include any amount due any reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries or otherwise.
Plaintiff argues that the amended version of La.R.S. 22:1379 is not applicable to this case because the claim arose and suit was filed prior to the effective date of the amendment. Plaintiff further argues that this amendment was substantive in nature and thus, could only be applied prospectively.
LIGA argues the amendment is retroactive since it merely clarified prior law and thus, applies to the case at hand. We agree. The amendment to La.R.S. 22:1379 has been held by this court to have retroactive effect. See Prejean v. Dixie Lloyds Insurance Company, 602 So.2d 764 (La. App. 3d Cir.1992). Therefore, this statute applies to this case even though the accident which precipitated this legal action occurred prior to the amendment of the statute, and it was error for the trial court to assess LIGA with pre-insolvency court costs and judicial interest. Accordingly, we reverse the trial court's judgment which cast LIGA for these costs.

DECREE
The judgment of the trial court is reversed. All costs of this appeal are assessed against plaintiff-appellee, Joseph Castille.
REVERSED.
SAUNDERS, J., dissents and assigns reasons.
GUIDRY, J., dissents for reasons assigned by SAUNDERS, J.
*463 SAUNDERS, Judge, dissenting.
I respectfully dissent. I cannot agree that the amendment was merely interpretive. The amendment changes vested rights and, therefore, in my opinion, is substantive in nature and, accordingly, should not be applied retroactively.