hWOODARD, Judge.
Mr. Ray Bellard was injured while in the course and scope of his employment with Omni Geographic (Omni). This workers’ compensation litigation arose when Omni discontinued paying him Temporary Total Disability benefits (TTDs) once it learned that he was incarcerated. The Workers’ Compensation Judge (WCJ) found that he forfeited part of his TTDs while incarcerated and ordered that he reimburse the Louisiana Workers’ Compensation Corporation (LWCC), Omni’s workers’ compensation insurer, for the overpayment. The issue Mr. Bellard presents on appeal is whether LWCC owed him his TTDs’ full amount while he was incarcerated. Although Louisiana workers’ compensation laws provide for a forfeiture of an employee’s rights to compensation benefits during a period of incarceration, such forfeiture can be avoided when the employee has dependents who may rely on such a benefit payment. However, we find that an employee who has not submitted evidence that his dependents relied on his workers’ compensation benefits, beyond court ordered child support obligations, may not recover the full extent of those benefits while incarcerated. We affirm.
# # ‡ #
Omni employed Mr. Bellard, a father of two minor children, eleven-year-old Samuel Fontenot, and eight-year-old Reniska Fontenot. The children’s mother, Ms. *913 Sherry Fontenot, died in August of 1993, and Ms. Mary Fontenot gained physical custody of them. A trial court ordered Mr. Bellard to pay $130.00 in monthly child support, and he alleged that he also provided, among other things, clothing for the children. However, the evidence does not reflect anything more than his continual disregard for his child support obligation.
On November 21, 1997, Mr. Bellard was injured while working with Omni. Immediate treatment ensued, and Omni promptly paid him $339.88 in weekly TTDs benefits. Nevertheless, on January 22, 1998, subsequent to a parole violation, he was incarcerated. When the LWCC learned of this on August 11, 1998, it discontinued his TTDs. He was released on September 18, 1998.
Mr. Bellard promptly, though unsuccessfully, requested that LWCC reinstate his TTDs. He filed a petition to recover workers’ compensation benefits on October | ¡>20, 1998. Thereafter, on January 25, 1999, Dr. John Tassin unconditionally released him to resume his professional activities. After a hearing held on September 2,1999, the WCJ found him to be entitled to $130.00 per month during his incarceration, and $339.88 per week in TTDs from the time of his release until January 25, 1999. As a result, the WCJ found that LWCC had overpaid him $4,675.94, which he was obligated to repay. Mr. Bellard appeals.
•{»»!» H* »I*
The only relevant issue is whether the WCJ erred when it found LWCC to be entitled to a $4,675.94 restitution.
The status of an incarcerated employee, who is, otherwise, entitled to workers’ compensation benefits, is subject to the application of La.R.S. 23:1201.4, which states, in relevant part, that:
The employee’s right to compensation benefits, including medical expenses, is forfeited during any period of incarceration, unless a workers’ compensation judge finds that an employee has dependents who rely on a compensation award for their support, in which case, said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers’ compensation judge and such payment shall be considered as having been made to the employee.
(Emphasis added.) When a statute is clear and unambiguous and does not lead to absurd consequences, we shall apply it as written.[1] Unambiguously, the statute provides that an employee forfeits the right to compensation benefits upon incarceration. Nevertheless, the statute also sets forth an exception to forfeiture when the employee has dependents who rely upon a compensation award for their support.
In the case sub judice, Mr. Bellard does not take issue with the statute’s “incarceration” requirement. Instead, he argues that the WCJ erred when awarding him a mere $130.00 per month, as opposed to his TTDs full amount to which he claims entitlement on his dependents’ behalf.
Mr. Bellard submits that we read the incarceration forfeiture statute in a way which would make payment of his full workers’ compensation benefits award 13mandatory merely upon his showing that he has dependents. We cannot subscribe to such a position. The statute plainly provides an exception to forfeiture which hinges upon an employee having “dependents who rely on a compensation award for their support[.]”
In the instant case, the trial court found that Mr. Bellard’s children were only relying upon the $130.00 monthly child support. However, it seemed unimpressed with his argument that he also provided them with food, clothing, and presents. Indeed, it stated that he had not identified *914 any particular monthly amounts that he may have paid to, or on behalf of, his children. In other words, he did not show that his children relied on any of his workers’ compensation benefits above his support obligations. In fact, the record also shows Mr. Bellard to be in arrears with his child support obligations. Accordingly, we find no merit in Mr. Bellard’s contentions and agree with the WCJ’s finding that Omni was only obligated to pay him $130.00 per month during the time of his incarceration.
CONCLUSION
We find no legal or manifest error in the WCJ’s decision and affirm. We cast all costs for the appeal on Mr. Bellard.
AFFIRMED.

. La.Civ.Code art. 9.