816 So.2d 969 (2002)
Lawrence FRANK
v.
KENT GUIDRY FARMS.
No. 01-727.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
*970 Stacy J. McQuillin, Borne & Wilkes, L.L.P., Lafayette, LA, for Kent Guidry Farms.
Katherine Marie Loos, Briney & Foret, Lafayette, for Louisiana Insurance Guaranty Assoc., Kent Guidry Farms.
Scott James Pias, Attorney at Law, Lake Charles, LA, for Lawrence Frank.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS, JIMMIE C. PETERS, Judges.
YELVERTON, J.
In this workers' compensation matter, Kent Guidry Farms and the Louisiana Insurance Guaranty Association (LIGA) appeal the award of penalties and attorney fees to Lawrence Frank for the failure to *971 timely authorize medical tests and pain management services associated with a job-related injury sustained by Mr. Frank. Mr. Frank answers, seeking additional attorney fees for responding to this appeal. For the following reasons, we reverse the judgment in part, amend it in part, and affirm it as amended.
In January of 1999, Mr. Frank was hired as a farmhand by Kent Guidry Farms. In January of 2000, during the process of installing a drain pipe, he injured his back while digging. The injury occurred while Mr. Frank was in the course and scope of his employment with Kent Guidry Farms. As a result of the injury, Mr. Frank had to have a lumbar fusion and was paid temporary total disability benefits. At this time, and until after this appeal had been filed, Kent Guidry Farms was insured by Reliance National Insurance Company (Reliance).
After his surgery, Mr. Frank began to have headaches that his treating physician believed could be related to the operation. In order to definitively find the source of Mr. Frank's pain, his physician ordered an MRI of his brain. On March 15, 2000, Mr. Frank made an oral request to his employer to authorize the test. This request was denied. On July 19, 2000, the physician wrote Kent Guidry Farms requesting the MRI for Mr. Frank. The test was not authorized until September 13 of that year. Additionally, it was undisputed that pain management services were requested on June 15, 2000, and were not authorized until sometime in 2001.
The workers' compensation judge found that "the matter was not timely investigated and the Defendants have failed to reasonably controvert [Mr. Frank's] claim." Accordingly, the judge awarded Mr. Frank $2,000 in penalties and $4,375 in attorney fees. Kent Guidry Farms and Reliance appealed this decision.
After a suspensive appeal was taken from the judgment by the Defendants, Reliance was placed into rehabilitation by the Commonwealth Court of Pennsylvania. We issued an order staying the appeal as to Reliance. LIGA took over as statutory successor for Reliance.
On this appeal, Kent Guidry Farms and LIGA assign error to the award of penalties and attorney fees for the failure to timely authorize the MRI and pain management services. Alternatively, they argue that the attorney fees were excessive and should be reduced.
The law governing the refusal to authorize medical treatments arises from Louisiana Revised Statutes 23:1201 and 23:1203. Louisiana Revised Statute 23:1203(A) states in pertinent part:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services.
Louisiana Revised Statute 23:1201(E) requires that "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." Subsection (F) further states that failure to comply with "this Section shall result in the assessment of a penalty ... together with reasonable attorney fees for each disputed claim."
The decision to impose penalties is a factual question, which will not be disturbed on appeal in the absence of manifest error. Spencer v. Gaylord Container Corp., 96-1230 (La.App. 1 Cir. 3/27/97), 693 So.2d 818. Louisiana courts have consistently *972 held that failure to authorize a medical procedure for an employee eligible to receive workers' compensation is deemed to be a failure to furnish compensation benefits, thereby triggering the penalty provisions of the Louisiana Workers' Compensation Act. Gay v. Georgia Pacific Corp., 32,653 (La.App. 2 Cir. 12/22/99), 754 So.2d 1101. Penalties and attorney fees shall be awarded if the employer or the insurer fails to timely pay benefits due claimant, unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. La.R.S. 23:1201(F); Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/01/98), 721 So.2d 885. The supreme court in Brown went on to state that:
in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
Brown, 721 So.2d at 890.
LIGA asserts that it is immune from penalties and attorney fees under Louisiana law. Louisiana law is clear that LIGA is not an "insurer" for purposes of applicable statutes imposing penalties, attorney fees and therefore cannot be assessed penalties and attorney fees under our jurisprudence. It is true that the penalties and attorney fees were imposed prior to Reliance's insolvency and cast in the judgment rendered in the trial court and now on appeal. Although LIGA is obliged to the extent of covered pre-insolvency claimsLouisiana Revised Statute 22:1382pre-insolvency obligations for statutory penalties and attorney fees are not covered claims. Louisiana Revised Statute 22:1379(3)(d); Castille v. McDaniel, 620 So.2d 461 (La.App. 3 Cir.1993). Therefore, LIGA cannot be held liable for the statutory penalties and attorney fees. La.R.S. 22:1379(3)(d).
The workers' compensation judge held that Kent Guidry Farms and Reliance failed to reasonably controvert Mr. Frank's claim. There is nothing in the scant record to suggest that this finding is manifestly erroneous. Therefore, the award of penalties and attorney fees is affirmed as against Kent Guidry Farms. Louisiana Revised Statute 23:1201(F)(1) provides that the penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. As the amount of the attorney fees was within the discretion of the workers' compensation judge, that amount will not be decreased.
Additionally, Mr. Frank answered the appeal and requests that multiple penalties be assessed against Kent Guidry Farms, one penalty for the failure to timely authorize the MRI and another for the failure to timely approve pain management. This court en banc in Fontenot v. Reddell Vidrine Water District, 00-0762 (La.App. 3 Cir. 1/9/02), 815 So.2d 895, held that multiple penalties are allowed for multiple violations regarding indemnity and medical benefits claims. Because there were multiple violations in this case, Mr. Frank is entitled to receive multiple penalties as requested. Therefore, he is awarded an additional $2,000 penalty for the *973 second violation, failure to timely authorize pain management services.
Finally, Mr. Frank's answer to the appeal also seeks additional attorney fees for the appeal of this case. Because attorney fees were correctly awarded below, failing to award increased attorney fees for the additional work required for this appeal would be inconsistent with that judgment. Accordingly, an additional $1,500 in attorney fees is hereby awarded to Mr. Frank.
For these reasons, the judgment of the workers' compensation judge is reversed to the extent that LIGA's liability for attorney fees and penalties is eliminated; it is amended to increase penalties by an additional $2,000 and attorney fees by an additional $1,500. It is otherwise affirmed. Costs of this appeal are assessed to Kent Guidry Farms.
REVERSED IN PART; AMENDED IN PART; AFFIRMED AS AMENDED.