STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 07-497 consolidated with WCA 07-498


R. E. HEIDT CONSTRUCTION CO., ET AL.

VERSUS

HENRY FRANCIS


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 02-08360 C/W 03-01646
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

AFFIRMED AND RENDERED.

Denis Paul Juge
Juge, Napolitano, Guilbeau, Ruli, Frieman & Whiteley
3320 W. Esplanade Ave. N.
Metairie, LA 70002
(504) 831-7270
Counsel for Plaintiffs/Appellants:
R. E. Heidt Construction Co.
Gray Ins. Co.

Robert Thomas Jacques, Jr.
Attorney at Law
P. O. Box 1883
Lake Charles, LA 70602
(337) 433-4674
Counsel for Defendant/Appellee:
Henry Francis

**SAUNDERS, Judge.**

This is a workers' compensation case. The injured employee was receiving temporary total disability benefits when the employer filed a disputed claim for compensation due to the employee's refusal to submit to an independent medical examination. While this claim was pending, the employee filed a disputed claim for compensation, and several supplementations to that disputed claim, alleging various transgressions by the employer and its workers' compensation insurer. All claims were consolidated.

While the claims were pending, the employee was incarcerated twice, the second time in February of 2006. The employee then filed a rule hearing for the employer to show cause why indemnity benefits should not be paid to his minor dependents that relied upon those benefits for support. The employer, upon learning of employee's February 2006 incarceration, terminated the employee's benefits shortly thereafter in March of 2006.

The workers' compensation judge (hereinafter "WCJ") quashed subpoenas issued by the employer to witnesses based upon the employer's admission that the witnesses' testimony did not relate to the issue at bar, found that indemnity benefits should be fully paid to the minor children of the employee, and awarded attorney's fees and penalties. The employer appealed, alleging five assignments of error.

We affirm the WCJ on all five assignments of error. Further, we award the employee $2,500 in additional attorney's fees for work done on this appeal.

**FACTS AND PROCEDURAL HISTORY:**

Henry Francis (hereinafter "Francis"), an employee of R.E. Heidt Construction Company, was injured during the course and scope of his employment on May 2, 2002. R.E. Heidt Construction Company's workers' compensation insurer at the time

was The Gray Insurance Company (R.E. Heidt Construction Company and The Gray Insurance Company hereinafter collectively "the employer"). The employer initiated and voluntarily paid temporary total disability benefits to Francis.

On November 7, 2002, the employer filed a disputed claim for compensation alleging that Francis was refusing to submit to an independent medical examination. On March 3, 2003, Francis filed a disputed claim for compensation alleging failure to timely pay installments of indemnity benefits, along with a request for penalties and attorney's fees relative to the employer's failure to timely pay the benefits. Francis supplemented this claim on March 26, 2003, adding allegations of entitlement to diagnostic testing and vocational rehabilitation, along with requests for penalties and attorney's fees for the employer's lapse in its duties in regard to these entitlements.

On October 16, 2003, these claims were consolidated. On November 21, 2003, Francis again supplemented his claim to add a dispute over a recommend translumbar interbody fusion L5-S1. The employer answered this supplementation by requesting that the WCJ appoint an independent medical examiner. Further issues regarding the medical treatment that were added to the pending claims included psychological support and ESI and/or myoneural injections. Trial on the merits, set for November 3, 2004, was continued by request of the employer.

In February of 2006, after being incarcerated, Francis filed a motion for a rule hearing for the employer to show just cause why indemnity benefits should not be paid to his minor dependent children. The March 26, 2006, merit trial was continued at the request of Francis due to his incarceration.

After a status conference, trial was set for December 18, 2006. On December

2

6, 2006, the employer filed a second amended pretrial statement and listed witnesses employed by the Calcasieu Parish Sheriff's Department and the Calcasieu Correctional Facility. In addition, various medical documents and records from the Calcasieu Parish Sheriff's Office were listed as exhibits. In response, Francis filed a motion to quash the subpoenas issued to Calcasieu Parish employees.

On December 18, 2006, following a trial on the merits, the WCJ rendered a judgment that: (1) granted Francis' motion to quash trial subpoenas issued by the attorney for the employer; (2) held that the only issue before the court was the dependency status of Francis' two minor children; (3) ordered that indemnity benefits for Francis be reinstated from the date of termination and continued thereafter until such time as a change in condition is shown and be made payable to Melissa Sarvaunt as the natural mother of the minor dependents; (4) ordered that the benefits be paid at the full rate of compensation entitlement of $280.37 per week; (5) ordered that a penalty of $2,000 be paid to the minor children; and (6) ordered that attorney's fees of $7,500 be paid by the employer to Francis' attorney.

The employer appealed this judgment, raising five assignments of error. We affirm the WCJ on all assignments of error alleged. All costs of this appeal are to be paid by the employer. Further, we grant Francis' request for additional attorney's fees and award $2,500 in additional attorney's fees for work done on this appeal.

**ASSIGNMENTS OF ERROR:**

1.  Did the WCJ commit legal error in ordering that indemnity benefits be paid without medical evidence by Francis that he is disabled from gainful employment?

2.  Did the WCJ commit manifest error in quashing the trial subpoenas issued by the employer for the trial on the merits?

3.  Did the WCJ compensation court commit manifest error in finding the minor

3

children were dependent on Francis's compensation award?

4. Did the WCJ commit manifest error in awarding the minor children the full compensation benefit instead of partial dependency benefits?

5. Did the WCJ commit manifest error in awarding $2,000 in penalties and $7,500 in attorney fees?

**ASSIGNMENT OF ERROR #1:**

The employer alleges in its first assignment of error that the WCJ committed legal error in ordering that indemnity benefits be paid when Francis did not present medical evidence that he is disabled from gainful employment. This assignment of error is not properly before this court.

Louisiana Code of Civil Procedure Article 2164, in pertinent part, states, "The appellate court shall render any judgment which is just, legal, and proper *upon the record* on appeal." (Emphasis added.) This is a court of review. It is not this court's proper function to hear an issue for the first time, without a determination made upon that issue at a lower level.

Whether Francis was disabled from gainful employment was not ever addressed as a contested issue at the trial level. The employer argues that a determination of whether Francis is disabled must be made prior to any consideration of whether his children should be considered dependent upon his workers' compensation benefits.

Our reading of the record suggests that the employer at no time contested Francis' disability status, and indeed conceded his status by voluntarily paying disability benefits. The employer once again conceded Francis' disability status when counsel for the employer, prior to the trial on the merits, stated on the record that the only issue before the court was whether Francis's children should receive his benefits

4

given that he was incarcerated.

Moreover, the employer filed several pre-trial statements, none of which listed the issue of whether Francis was disabled from working as an issue to be litigated. Further, the employer was making payments for temporary total disability voluntarily until those payments were terminated based upon Francis's second incarceration in March of 2006, not upon whether Francis was actually disabled. Finally, the record is completely devoid of any medical evidence that tends to prove or disprove whether Francis was disabled.

Accordingly, we will not address this issue as it was not properly raised by the employer at the trial level, and, therefore, is not properly before this court on appeal.

**ASSIGNMENT OF ERROR #2:**

In its second assignment of error, the employer alleges that the WCJ committed manifest error in quashing the trial subpoenas issued by the employer for the trial on the merits. This assignment of error, like the previous assignment, is not properly before this court.

This court, in *Deville v. E.S. Fields, et.al.*, 546 So.2d 332, 334 (La.App. 3 Cir. 1989), stated, "Under LSA-C.C.P. Art. 1635, in the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. In the absence of objection the trial court is afforded no opportunity to prevent or correct the alleged error." (Citations omitted.)

After thoroughly reviewing the trial record before us, we find that the employer made no objection to having the trial subpoenas quashed. In fact, counsel for the employer stated as follows:

> I don't completely object to this motion to call these witnesses to testify as to what Mr. Francis has done and has been doing. But, as I

5

understand, today the Court is -- the issue -- the only issue before the Court today will be the children and any workers' compensation benefits related to the children.

With that, these witnesses could not address that particular issue.

Thus, due to the employer's failure to make any objection to the rulings of the WCJ, its right to urge this objection on appeal is waived. *Senegal v. George Theriot's Inc.*, 445 So.2d 137 (La.App. 3 Cir.), *writ denied*, 448 So.2d 114 (La.1984). Therefore, we will not address this assignment of error.

**ASSIGNMENT OF ERROR #3:**

The employer, in its third assignment of error, claims that the WCJ committed manifest error in finding that the minor children were dependent on Francis's compensation award. We do not agree.

Whether a child is dependant on an employee's compensation award is a finding of fact. *Rogers v. Wackenhut Serv., Inc.*, 05-459 (La.App. 5 Cir. 1/17/06), 921 So.2d 1076.Our Louisiana Supreme Court, in *Chaisson v. Cajun Bag & Supply Co.*, 97-1225, p.9 (La. 3/4/98), 708 So.2d 375,380, stated the following:

> Factual findings in worker's compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. (Citations omitted.)

Louisiana Revised Statute 23:1201.4 states, in pertinent part:

> The employee's right to compensation benefits, including medical expenses, is forfeited during any period of incarceration, unless a workers' compensation judge finds that an employee has dependents who rely on a compensation award for their support, in which case said compensation shall be made payable and transmitted to the legal guardian of the minor dependent or other person designated by the workers' compensation judge and such payments shall be considered as having been made to the employee.

6

In the case before us, the WCJ found that Francis had two minor dependents who relied upon his compensation award for their support. Thus, given the standard of review and La.R.S. 23:1201.4, it is this court's duty to determine, after looking at the record as a whole, whether the WCJ's finding that Francis' two minor children were dependents that relied upon his benefits was a reasonable finding.

After reviewing the record, we conclude that there is ample evidence for the WCJ to find that Francis' children were dependants that relied upon on his workers' compensation benefits. Ms. Sarvaunt was working at various odd jobs making a minimal wage. She was raising four children. According to birth records, two of those children were dependents of Francis. How she was supporting those children was brought forth in the following exchange during her deposition:

> Q: Is there any doubt in your mind that the compensation that [Francis] was getting for R.E. Heidt or for the insurance company due to that accident, he was using that money to support you and your children?
> A: To support his family, yeah.
>
> Q: Was any of his money going to the other two children? You had all four children, didn't you?
> A: Yes, sir.
>
> Q: So he was paying money for - -
> A: No.
>
> Q: No?
> A: No. I worked and took care of my kids.
>
> Q: And he took care of his.
> A: Yes.
>
> Q: His money was going towards - -
> A: Yes, sir.
>
> Q: - - was it Franklin and Mia?
> A: Cedric and Mia.

Ms. Sarvaunt's testimony above shows that she financially supported her other

two children with money she earned at her jobs while Francis' workers' compensation benefits financially supported their two children they had together.

Moreover, Francis' own testimony corroborates Ms. Sarvaunt's testimony that he provides support for his children. Francis testified the to the following on direct examination:

Q: Prior to being incarcerated, were you living with Ms. Sarvaunt?
A: Yes, I was.

Q: Are you on the certificate of birth of these two children?
A: Yes, I am.

Q: Have you supported these two children since May 2nd, '02?
A: Yes, I have.

Q: You were getting workmen's comp benefits. Were you giving this money to Ms. Sarvaunt for the upkeep of Ms. Saraunt [sic], you, and the children?
A: That is correct.

On cross examination, Francis' testimony was consistent, as shown by the following:

Q: From August of '05 until you were put in jail I think you said around February of '06, what did you do with the money you got form comp checks then?
A: I would give her [Ms. Sarvaunt] money that she needed for the kids or whatever.

Q: Okay. But yet you agree that it has been about a year before her deposition that was the last time you have given her any funds?
A: The year I'm considering is the year that I've been incarcerated, almost a year that I've been incarcerated. Any time that I was not incarcerated, I did give money for child support or support for the family.

The employer argues that the WCJ committed manifest error in finding the minor children were dependent on Francis's compensation award. The employer hinges its argument on some testimony that, for a period of time prior to

8

incarceration, Francis did not provide any money from his workers' compensation benefits to his children. It argues that this testimony necessitates a finding that the children did not rely on Francis's workers' compensation benefits. This argument lacks merit.

Given the evidence cited above, the testimony of Francis and Ms. Sarvaunt, we find that the judgment of the WCJ that Francis' children were dependants that relied upon on his workers' compensation benefits was reasonable. Accordingly, we affirm the WCJ's finding that Francis' children were dependant upon Francis' workers' compensation benefits.

**ASSIGNMENT OF ERROR #4:**

Next, the employer argues that the WCJ committed manifest error in awarding Francis' minor children full compensation benefits instead of partial dependency benefits. This assignment also lacks merit.

"A finding of dependency by the trial court is entitled to great weight, and should not be disturbed unless clearly wrong." *Farmer v. Metro Light & Elec. Serv., Inc.*, 97-2237, p. 3 (La.App 4 Cir. 3/11/98), 708 So.2d 1251, 1253, *citing Doyle v. United General Ins. Co.*, 458 So.2d 152, 155 (La.App. 3 Cir. 1984) .

The employer argues that the WCJ erred in awarding full, rather than partial, support to the minor children by citing two cases. The employer first cites the *Farmer* case to bolster its contention that "sporadic" payment to children requires a finding that only partial benefits should be paid. However, the Fourth Circuit in *Farmer* did not reduce a finding of full dependency to partial dependency based upon "sporadic" support given by the employee prior to his incarceration. Rather, the *Farmer* court upheld the WCJ's finding that, despite sporadic support, Farmer's grandchild was "at least partially dependent." *Farmer*, 708 So.2d 1253. The *Farmer* court remanded the

9

case for a determination of what specific amount should be given to fulfill the partial dependency as it found that the WCJ had arbitrarily estimated household expenses, rather than relying on concrete figures, in setting the amount of support to be paid to the grandchild. This case is distinguishable from the case before us.

The second case cited by the employer is *Bellard v. OMNI Geographic*, 00-717 (La.App. 3 Cir. 12/6/00), 773 So.2d 911. In *Bellard*, a trial court had ordered the employee to pay $130 per month in child support. The court affirmed the WCJ's decision to award that amount of workers' compensation benefits rather than the full amount of the employee's workers' compensation benefits. Here, we have no monthly child support award. Further, unlike in *Bellard*, we are not determining whether the court's finding that the minor children did not rely on the workers' compensation benefits was reasonable; instead, we are determining whether the record indicates that a finding that he children rely on the full amount of the workers' compensation benefits is reasonable.

The record has substantial evidence of the reasonableness of the WCJ's decision. Some such evidence is the  testimony of Melissa Sarvaunt, wherein she stated:

> Q:  Most of the money [Francis] was getting in compensation you said went into the house. When you say that, you meant to the support of yourself or your children?
> A:  Yes, sir. He would cash the check and give it to me, and I'd pay the bills or get diapers or food or whatever.
>
> Q:  He was like most working men or whatever. They cashed their check and go to their wife or girlfriend and say, you know, to pay the bills?
> A:  Yes, sir.

Corroborating Ms. Sarvaunt's testimony was that of Francis, wherein he stated:

> Q:  You were getting workmen's comp benefits. Were you giving this money to Ms. Sarvaunt for the upkeep of Ms. Saraunt [sic], you, and the children?

10

A:    That is correct.

Q:    Did you give her the whole check?
A:    Yes, sir.

This testimony indicates that when Francis would gave his dependents his entire benefits check, not just a particular payment amount ordered by a court as was the situation in the *Bellard* case cited by the employer.

Given the testimony of Ms. Sarvaunt and Francis, coupled with the manifest error standard of review, we cannot find that the WCJ's factual findings were unreasonable. As such, we affirm the WCJ's finding that Francis' minor children were dependent upon the full amount of his workers' compensation benefits.

**ASSIGNMENT OF ERROR #5:**

In its final assignment of error, the employer asserts that the WCJ committed manifest error in awarding $2,000 in penalties and $7,500 in attorney's fees. We do not agree and further award $2,500 in attorney's fees to Francis for work performed on this appeal.

This court, in *Ardoin v. Kipling Korner Grocery*, 01-1596, p.3 (La.App. 3 Cir. 4/17/02), 824 So.2d 371, 374. (citation omitted.), stated the following:

> The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact which will not be reversed absent evidence of manifest error. In order to reasonably controvert a workers' compensation claim, an employer must have factual or medical information of such a nature that it reasonably counters that provided by claimant.

In the case before us, the employer was presented with evidence that Francis was incarcerated, that Francis had dependent children, and that those children were dependent upon Francis' workers' compensation benefits. While the employer did a thorough investigation into Francis's status relative to incarceration, it failed to investigate the veracity of evidence that was presented to it that Francis had minor

children dependent upon his workers' compensation benefits.

Accordingly, this court cannot find that the WCJ abused his discretion when awarding attorney's fees, nor can we find that $7,500 was abusively high. Although the employer was presented with documentation and evidence of dependency, it waited on the court to determine whether it should pay those benefits to Francis' children. Given this, the WCJ did not err in awarding $2,000 in penalties. As such, we affirm the WCJ's award of $7,500 in attorney fees and $2000 in penalties.

Francis, in his answer to the employer's appeal, requested additional attorney's fees for work done on this appeal. We grant this request.

An award for additional attorney's fees is generally given when attorney's fees were correctly granted on the trial level, as to deny such a request on appeal would be inconsistent with the underlying judgment. *Frank v. Kent Guidry Farms*, 01-727 (La.App. 3 Cir. 5/8/02), 816 So.2d 969, *writ denied*, 02-1608 (La. 6/27/03), 847 So.2d 1273. Given the number of assignments of error raised by the employer and the amount of work Francis' attorney performed in successfully defending the judgment of the WCJ, we grant $2,500 in additional attorney's fees for work done on this appeal.

**CONCLUSION:**

The employer raised five assignments of error. We find that all assignments of error raised by the employer are without merit and affirm the judgment of the WCJ. All costs of this appeal are to be paid by the employer. We award $2,500 in additional attorney's fees to Francis for work performed in this appeal.

**AFFIRMED AND RENDERED.**