# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1424**

**ANGELA LEONARDS**

**VERSUS**

**CARMICHAEL'S CASHWAY PHARMACY, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT # 4
PARISH OF LAFAYETTE, NO. 07-5204
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Michael B. Miller
Miller & Miller
P. O. Drawer 1630
Crowley, LA 70527-1630
Counsel for Claimant/Appellee:
     Angela Leonards

Kristine Smiley
Tierney and Smiley, LLC
11606 Southfork Dr., Suite 104
Baton Rouge, LA 70816
Counsel for Defendant/Appellant:
     Carmichael's Cashway Pharmacy, Inc.

## SUMMARY DISPOSITION

The defendants, Carmichael's Cashway Pharmacy and its insurer, Louisiana Retail Mutual Insurance Company (hereinafter jointly referred to as Carmichael's), appeal a decision of a Workers' Compensation Judge (WCJ) awarding the claimant a total of $8,000.00. The penalties were assessed for paying the wrong compensation rate, for paying the "waiting week" late, for failure to timely pay a MRI bill, and for failure to properly pay mileage for September 26, 2007. The defendants also appeal the award to the claimant of $22,275.00 in attorney's fees. The claimant answers the appeal seeking additional attorney's fees for work necessitated by this appeal. We affirm the judgment of the WCJ and award the claimant an additional $3,000.00 in attorney's fees.

The issues of penalties and attorney's fees have been addressed by this court many times. In *Romero v. Northrop-Grumman*, 01-24, pp. 10-11 (La.App. 3 Cir. 5/30/01), 787 So.2d 1149, 1155-56, *writ denied*, 01-1937 (La. 10/26/01), 799 So.2d 1144 (citations omitted), we stated:

> The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact; we will not reverse the WCJ's finding on appeal absent evidence of manifest error. Penalties and attorney fees are available to a claimant when his employer does not provide workers' compensation benefits as required by law.
>
> . . . To avoid the imposition of penalties and attorney fees for the nonpayment of benefits, the employer has a continuing obligation to investigate, to assemble, and to assess factual information before denying benefits. The determination of whether an employer has reasonably controverted claims for the purpose of imposing penalties and attorney fees depends on the facts known to the employer at the time of its conduct. To reasonably controvert a claim so as not to be liable for statutory penalties, the employer must have factual or medical

1

information of such a nature that it reasonably counters that provided by the workers' compensation claimant.

In this case, after hearing testimony, considering the evidence and hearing argument of counsel, the WCJ found in favor of the claimant on all issues. We find no error in this ruling.

As to the claimant's answer to this appeal requesting additional attorney's fees for work necessitated by the appeal, we rely on a former opinion of this court wherein we stated the following: "Because attorney fees were correctly awarded below, failing to award increased attorney fees for the additional work required for this appeal would be inconsistent with that judgment." *Frank v. Kent Guidry Farms*, 01-727, p. 5 (La.App. 3 Cir. 5/8/02), 816 So.2d 969, 973, *writ denied*, 02-1608 (La. 6/27/03), 847 So.2d 1273. The claimant is awarded an additional $3,000.00 in attorney's fees for work done on this appeal.

Accordingly, the judgment of the WCJ is affirmed in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(5)-(8). The claimant is awarded an additional $3,000.00 in attorney's fees for work done on this appeal. All costs of this appeal are taxed against the appellants, Carmichael's Cashway Pharmacy and its insurer, Louisiana Retail Mutual Insurance Company.

**AFFIRMED.**