CHEHARDY, C.J.
_JjOn appeal in this workers’ compensation case, claimant seeks review of the judgment denying her supplemental earnings benefits. For the following reasons, we affirm.
Facts and Procedural History
On January 12, 2010, claimant, Bonnie Frazier, was injured during a training exercise while in the course and scope of her employment as a security guard-for Covenant Services Worldwide (“Covenant”). As a result of the incident, Ms. Frazier suffered a rotator cuff tear in her right shoulder. By October of 2012, Ms. Frazier had undergone three surgeries on her right shoulder. Covenant paid indemnity benefits and medical benefits for treatment associated with the injury.
On July 17, 2013, Ms. Frazier’s treating orthopedist, Dr. Felix Savoie, examined her, found that she had reached maximum medical improvement, and released her from his care “at MMl with 10% PPL” Dr. Savoie noted that Ms. Frazier had permanent restrictions against lifting over five pounds above her head; against lifting more than 20 pounds from her waist to her shoulder; and from carrying more than 30 pounds. That day, Dr. Savoie also approved a Security Officer. position .that Covenant was offering to Ms. Frazier.
On September 23, 2013, Ms. Frazier accepted the Security Officer position, which commenced on October 1, 2013. The job description entailed “driving a car, truck, or other equipment” and “periodic running to respond to emergency situations.” Ms. Frazier underwent- training for several days then began her regular shifts on Monday, October 7, 2013.
On Tuesday, October 8, 2013, Ms. Frazier reported for duty but called the site manager, Vicki Bryant, to ask to be relieved of duty since she was in severe shoulder pain. Ms. Bryant sent another security guard, Jill Delatte, to relieve Ms. Frazier. Before Ms. Frazier left, she wrote a note stating that she was “leaving | ¿work •tonight because of my right, side of neck and shoulder is hurting very bad.” Ms. Delatte reported in her statement that Vicki Bryant stated that, if Ms. Frazier is quitting, she is to leave her vest, badge, and uniform. Ms. Frazier left her vest and badge with Ms. Delatte. Ms. Frazier did not report to work again.
On September 30, 2014, Ms. Frazier filed a Disputed Claim for Compensation Form 1008 contending that Covenant and its insurer had unlawfully terminated her wage benefits on or about October 4, 2013. *1278 Ms. Frazier also sought penalties and attorney fees.
After numerous continuances, the trial judge issued its scheduling order on March 8, 2016, and both parties filed pre-trial statements. In response to the claimant’s pre-trial statement, Covenant filed a Motion to Strike Additional Issues presented in claimant’s pre-trial statement, namely issues not raised in claimant’s 1008 such as “permanent work related disability in light of her permanent injury, mental instability,” “whether employee’s ... severe mental impairment [was] caused by' her work related injury,”- and “employee’s earning capacity in light of her permanent partial physical disability- and mental impairment.” , -
On July 13, 2016, Covenant’s Motion to Strike was heard and granted. The Office of Workers’ Compensation (“OWC”) judge found that, “the trial on the merits will address Bonnie Frazier’s entitlement to SEBs after October 8, 2013 regarding her right shoulder. The mental stress injury claim and psychological claim will not be addressed because these issues were not pled in Bonnie Frazier’s 1008,”
Immediately thereafter, Ms, Frazier’s disputed claim came for trial before the OWC judge. After hearing the testimony and evidence, the judge found that, on October 8, 2013, Ms. Frazier terminated her employment and', thus, the employer did not owe SEBs. On August 29,2016, the trial judge issued its written judgment to that effect. Ms, Frazier appeals that judgment.
^Preliminary Note
As a preliminary matter, we note that, in its August 29, 2016 written judgment, the OWC court inadvertently cited two dates incorrectly. First, the court found that the claimant voluntarily- quit on October 8, but the record reflects that' she left her shift after midnight, so her correct termination date was October 9, 2013. Further, twice the court noted the wrong year of termination, which was 2013, by stating that “the employer does not owe SEBs ... after October 8, 2016” and declined to award a credit “for SEBs paid after October 8, 2016”
La. C.C.P. art. 2164 requires an appellate court to “render ... judgment which is just, legal, and proper upon the record on'appeal.” Accordingly, we correct these typographical errors by amending the judgment to reflect the correct date of termination and the date after which the employer does not owe SEBs or deserve a credjt to October 9,2013;
Law and Argument
Returning now to the merits of Ms. Frazier’s appeal, she assigns four errors: first, Covenant failed to carry its' burden of proof set forth in La. R.S. 23: 1221(3)(c)(ii) that it provided an appropriate job to the claimant; second, the lower court erred in failing to review all of the evidence before rendering a judicial decision; third, the lower court erred in excluding evidence of claimant’s mental condition and total disability at trial;" and fourth, the trial judge erred in finding that appellant was' not entitled to penalties and attorney fees.
The Workers’ Compensation Act set up a court-administered system to aid injured workmen by relatively informal and flexible-proceedings, Rhodes v. Lewis, 01-1989 (La. 5/14/02), 817 So.2d 64. The provisions of the workers’ compensation law are to be interpreted liberally in favor of the worker. Coats v. AT & T, 95-2670 (La. 10/25/96), 681 So.2d 1243.
LFactual findings in a workers’ compensation ease are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing and Sheet Metal, 96-2840 (La. 7/1/97), 696 So.2d 551, 556. The determinations by . the workers’ compensation judge *1279 as to whether the claimant’s testimony is credible and whether the claimant has discharged her burden of proof are factual determinations and will not be disturbed upon review in the absence of manifest error or unless clearly wrong, Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La. 1992).
The reviewing court is compelled to review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Wise v. H.B. Zachary Co., 00-3 (La.App. 5 Cir. 4/25/00), 760 So.2d 500. In applying the manifest error/clearly wrong standard, the appellate court does not. determine whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id, If the factual findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Marange v. Custom Metal. Fabricators, Inc., 11-2678 (La. 07/02/12), 93 So.3d 1253, 1257, 1260 (citing Stobart v. State, DOTD, 617 So.2d 880, 883 (La. 1993)).
In her first assignment of error, Ms, Frazier argues that the trial court erred in finding that she was not entitled to SEBs. “The purpose of. SEBs is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident.” Pinkins v. Cardinal Wholesale Supply Co., 619 So.2d 52, 65 (La. 1993). Under the provisions of La. R.S. 23:1221(3)(a), an employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. Initially, the employee bears the burden of proving, by a preponderance of the [ r,evidence that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Seal v. Gaylord Container Corp., 97-688 (La. 12/02/97), 704 So.2d 1161, 1166.
In the instant case, Ms. Frazier’s treating physician approved a security guard position as appropriate for Ms. Frazier’s post-injury/post-surgery abilities. Ms. Frazier accepted that job with Covenant, completed training, worked one shift, then, due to her shoulder pain, left during her second shift. Ms. Frazier did not report to Covenant again after .leaving her second shift. At trial, the judge found that Ms. Frazier had “voluntarily quit her job with Covenant ... on October 8, 2013.”
In Chaisson v. Cajun Bag and Supply Co., 97-1225 (La. 3/4/98), 708 So.2d 375, 384, the Louisiana Supreme Court held that the employer’s offer to. place the employee “in a position that [she] could do [in spite of the injury] defeated the employee’s claim for SEBs.” Here, Ms. Frazier’s treating physician felt.that the position, which Covenant offered and Ms. Frazier accepted, was within her physical capabilities, which included driving. Further, the record reveals that the new job was “within the claimant’s or employer’s community or reasonable geographic region,” and was actually closer than her previous job. See Banks, 696 So.2d at 559. Thus, Ms. Frazier did not carry her burden of proving that the injury resulted in her inability to earn 90% of her pre-injury wages.
However, under La. R.S. 23:1221(3)(C)(iii), “if the employee establishes by .clear and convincing evidence, ,that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment.” Thus, if Ms. Frazier had presented clear and convincing evidence that her pain prevented her from performing her job she would be *1280 “deemed incapable of performing such employment.”
16After trial, however, the court found that “claimant did not meet her burden of proof by clear and convincing evidence to establish her job with Covenant ... was not acceptable due to pain.” Here, his. Frazier testified that she was capable of doing the job, if she did not have pain. As part of her return to work, Covenant allowed Ms. Frazier to bring her medical pain-reducing equipment—the “ice machine”—to use during her shift, which she did successfully during her first shift. Jill Delatte testified that she did not see Ms. Frazier’s “ice machine” on the second night.
• Further, the medical records reveal that her treating orthopedist, Dr. Savoie, felt that Ms. Frazier would always have some shoulder pain but that she could return to work with restrictions. In light of the evidence presented in the record, we cannot say that the OWC judge’s findings were manifestly erroneous or clearly wrong. We find no merit in this assignment of error.
In her second assignment of error, Ms. Frazier argues that the lower court erred in failing to review all the evidence before rendering a judicial decision. Specifically, Ms. Frazier contends that the trial judge ruled without reviewing the voluminous exhibits, which included depositions and medical records, and the redacted deposition of Vicki Bryant filed five days after trial.
In workers’ compensation cases, although all findings of fact must be based on competent evidence, the workers’ compensation judge is not bound by technical rules of evidence or procedure, other than as provided under La. R.S. 23:1317(A). However,' it is widely held that, even in workers’ compensation proceedings, a contemporaneous objection, pursuant to La. C.E. art. 103(A)(1) or La. C.C.P. art.1635,[1] is required to-preserve an issue-for appeal. See Whiddon v. Livingston Par. Council, 00-1349 (La.App. 1 Cir. 9/28/01), 809 So.2d 421, 429; Ross v. Remediation Services of Louisiana, 97-2102 (La.App. 1 Cir. 5/15/98), 714 So.2d 218, 220; R.E. Heidt Constr. Co. v. Francis, 07-497 (La.App. 3 Cir. 10/31/07), 970 So.2d 1180, 1184 (failure to object waives appellate review of trial court’s quashal of subpoenas); Broussard v. W.-Cal Constr. Co., 96-18 (La.App. 3 Cir. 6/12/96), 676 So.2d 743, 745-46 (failure to object constitutes a waiver of claimant’s right to eomplain on appeal citing La. C.C.P. art. 1635); Schmitt v. City of New Orleans, 632 So.2d 367, 370 (La. App. 4 Cir. 1993)(City waived its right to challenge by stating that it had no objection to the admission of the appellees’ medical reports).
The record reveals that, immediately after Ms. Frazier’s counsel rested after rebuttal, the OWC judge stated, “Okay. I think I’m ready to rule. I’m ready to rule.” Without any objection by counsel for Ms. Frazier, the OWC judge presented several pages of verbal reasons before ruling. In this case, any issue 'that Ms. Frazier had regarding the timing of the OWC judge’s ruling was not preserved for review on appeal. This assignment will not be addressed.
In her third assignment of error, Ms.- Frazier contends that the lower court *1281 erred in excluding evidence of claimant’s mental condition and total disability at trial. The record reflects that, in a status conference in early July, the OWC judge reviewed the claim to be tried, which was the termination of SEBs. In her pre-trial statement, Ms. Frazier raised claims regarding her mental health, which the OWC judge struck, at Covenant’s request, as not yet raised in a Disputed Claim for Compensation Form 1008. Thus, we find no error in the workers’ compensation judge’s finding that Ms. Frazier’s allegations regarding her mental health had not yet been raised in the proper procedural manner. Thus, there is nothing in the trial Iscourt’s judgment or this opinion that would preclude Ms. Frazier from pursuing a mental health claim.[2] This assignment of error lacks merit.
In her final assignment of error, Ms. Frazier argues that the trial court erred in failing to award penalties and attorney fees for Covenant’s termination of SEBs. La. R.S. 23:1201(F) provides the basis for an award of attorney fees and penalties in a workers’ compensation matter. This provision, however, is inapplicable if the claim is reasonably controverted. The workers’ compensation judge has great discretion in the award of attorney fees and penalties, and the exercise of such discretion will not be disturbed on appeal unless clearly wrong. Alix v. E-Z Serve Corp., 03-24 (La.App. 5 Cir. 4/29/03), 846 So.2d 156, 160.
In the instant case, Covenant discontinued the payment of SEBs after Ms. Frazier left their employment. The OWC judge found that Covenant had a reasonable basis for discontinuing payment and denied attorney fees and penalties. Upon review, we find no error in that ruling. This assignment of error is without merit.
Conclusion
For the foregoing reasons, we find no error in the workers’ compensation judge’s ruling in this case. Accordingly, as noted above, we amend the judgment to correct typographical errors and affirm as amended.
AMENDED AND AFFIRMED AS AMENDED

. La. C.C.P. art. 1635 reads:
Formal exceptions to rulings or orders of the court are unnecessary. For all purposes it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known 'to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of ah objection does not thereafter prejudice him.

. La. R.S. 23:1021 (8)(c) reads "A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not com-pensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.” Further, La. R.S. 23:1021(8)(d) reads, "No mental injury or illness shall be compen-sable under either Subparagraph (b) or (c) unless the mental injury or illness is diagnosed by a licensed psychiatrist or psychologist and the diagnosis of the condition meets the criteria as established by the American Psychiatric Association.”